IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| GRUPO ISOLUX CORSÁN, S.A., | : | Case No. 16-12202 (SHL) |
| Debtor in a Foreign Proceeding. | : | |
| In re: | : | Chapter 15 |
| CORSÁN-CORVIAM CONSTRUCCIÓN, S.A., | : | Case No. 16-12203 (SHL) |
| Debtor in a Foreign Proceeding. | : | |
| In re: | : | Chapter 15 |
| GRUPO ISOLUX CORSÁN CONCESIONES, S.A., | : | Case No. 16-12204 (SHL) |
| Debtor in a Foreign Proceeding. | : | |
| In re: | : | Chapter 15 |
| ISOLUX INGENIERÍA, S.A., | : | Case No. 16-12205 (SHL) |
| Debtor in a Foreign Proceeding. | : | |
| In re: | : | Chapter 15 |
| GRUPO ISOLUX CORSÁN FINANCE B.V. | : | Case No. 16-12206 (SHL) |
| Debtor in a Foreign Proceeding. | : | |

**ORDER DIRECTING JOINT ADMINISTRATION OF**
**THE DEBTORS' CHAPTER 15 CASES**

Upon consideration of the motion (the "**Motion**")[1] of Karla Pascarella, or any lawful successor(s) thereto, both in her capacity as (i) the authorized foreign representative (the "**Spanish Foreign Representative**") for Grupo Isolux Corsán, S.A. ("**GIC**"), Corsán-Corviam Construcción, S.A., Grupo Isolux Corsán Concesiones, S.A., and Isolux Ingeniería, S.A (collectively, the "**Spanish Debtors**") in the proceedings (the "**Spanish Foreign Proceedings**") commenced pursuant to Additional Provision Four of the Spanish Act 22/2003, of July 9, on Insolvency (the "**Spanish Insolvency Law**"), pending in the Mercantile Court of Madrid, Spain (the "**Spanish Court**"), and (ii) the authorized foreign representative (the "**Dutch Foreign Representative**" and, together with the Spanish Foreign Representative, the "**Foreign Representative**") for Grupo Isolux Corsán Finance B.V. (the "**Dutch Debtor**" and, together with the Spanish Debtors, the "**Debtors**") in the suspension of payments proceeding (the "**Dutch Foreign Proceeding**" and together with the Spanish Foreign Proceeding, the "**Foreign Proceedings**") commenced pursuant to, *inter alia*, Article 214 of the *Faillissementswet* (the "**Dutch Insolvency Act**" and, together with the Spanish Insolvency Law, the "**Foreign Insolvency Laws**"), pending in the District Court of Amsterdam (the "**Dutch Court**" and, together with the Spanish Court, the "**Foreign Courts**"), for the entry of an order (the "**Order**") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, authorizing and directing the joint administration of the Debtors' chapter 15 cases for procedural purposes only; and upon consideration of the Foreign Representative Declarations; and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

United States Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012; and no notice of the Motion being required under the circumstances; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, and will further the objectives of chapter 15 of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is granted.

2.  These chapter 15 cases are consolidated for procedural purposes only and shall be jointly administered by this Court.

3.  The Clerk of this Court shall maintain one file and one docket for these jointly administered cases, which file and docket for all of these chapter 15 cases shall be the file and docket for Grupo Isolux Corsán, S.A., Case No. (16-12202).

4.  All pleadings and other papers filed in these chapter 15 cases shall bear the consolidated caption in the following form:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
**In re:**                                                   :        **Chapter 15**
                                                             :
**GRUPO ISOLUX CORSÁN, S.A.,** *et al.*,                     :        **Case No. 16-12202 (SHL)**
                                                             :
    **Debtors in a Foreign Proceeding.**                     :        **(Jointly Administered)**
                                                             :
------------------------------------------------------------- X

---

1   The last four digits of the Spanish Tax Number for each Spanish Debtor follow in parentheses: (a) Grupo Isolux Corsán, S.A. (3947); (b) Corsán-Corviam Construcción, S.A. (2709); (c) Grupo Isolux Corsán Concesiones, S.A. (0357); and (d) Isolux Ingeniería, S.A. (3539). The Spanish Debtors' collective executive headquarters is located at Caballero Andante 8, 28021 Madrid, Spain. Grupo Isolux Corsán

Finance B.V. has its headquarters at Strawinskylaan 411, 1077XX, Amsterdam, the Netherlands, and the last four digits of its Trade Registry Number are 5959.

5. The consolidated caption satisfies the requirements of Bankruptcy Code Section 342(c) in all respects.

6. A docket entry shall be made on the docket for each of the Spanish Debtors' cases, except in the case of GIC, as follows:

> An order has been entered in this case directing the joint administration, for procedural purposes only, of the chapter 15 cases listed below. The docket of Grupo Isolux Corsán, S.A., in Case No. (16-12202) should be consulted for all matters affecting this case. The following chapter 15 cases are jointly administered pursuant to the joint administration order:
>
> Grupo Isolux Corsán, S.A., Case No. (16-12202); Corsán-Corviam Construcción, S.A., Case No. (16-12203); Grupo Isolux Corsán Concesiones, S.A., Case No. (16-12204); Isolux Ingeniería, S.A., Case No. (16-12205); Grupo Isolux Corsán Finance B.V. Case No. (16-12206).

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effectuating a substantive consolidation of the Debtors in any of these chapter 15 cases.

8. The Foreign Representative (or any lawful successor(s) thereto) is authorized to (a) utilize a combined service list for the Debtors' jointly administered cases and (b) send combined notices to creditors of the Debtors' estates and other parties in interest as applicable.

9. The Foreign Representative (or any lawful successor(s) thereto) is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

10. This Court shall retain jurisdiction with respect to any and all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       August 3, 2016

                                          */s/ Sean H. Lane*
                                        UNITED STATES BANKRUPTCY JUDGE