UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                             :

**In re:**                                    :        **Chapter 15**
                                             :

**Grupo Isolux Corsán, S.A., *et al.*,**[1]        :        **Case No. 16-12202 (SHL)**
                                           :

      **Debtors in a Foreign Proceeding.**    :        **(Jointly Administered)**
                                           :
                                           :
------------------------------------------------------------- x

## ORDER GRANTING INTERIM PROVISIONAL RELIEF IN AID OF A DUTCH FOREIGN PROCEEDING

Upon the motion (the "**Motion**")[2] of Karla Pascarella, or any lawful successor(s) thereto, in her capacity as the authorized foreign representative (the "**Dutch Foreign Representative**") for Grupo Isolux Corsán Finance, B.V. (the "**Dutch Debtor**") in the suspension of payments proceeding (the "**Dutch Foreign Proceeding**") commenced in the District Court of Amsterdam pursuant to, *inter alia*, Article 214 of the *Faillissementswet* (the "**Dutch Insolvency Act**"), seeking entry of an order granting provisional relief and such other and further relief as the Court finds appropriate under the circumstances (the "**Provisional Relief**"); and this Court having reviewed the Motion, and all documents submitted in support (collectively, the "**Provisional Relief Documents**"), the *Declaration of Dutch Foreign Representative in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Emergency Motion for Order Granting Provisional Relief; (III) Foreign Representative's Motion for Order Granting Final Relief in Aid*

---

[1]     The last four digits of the Spanish Tax Number for each Spanish Debtor follow in parentheses: (a) Grupo Isolux Corsán, S.A. (3947); (b) Corsán-Corviam Construcción, S.A. (2709); (c) Grupo Isolux Corsán Concesiones, S.A. (0357); and (d) Isolux Ingeniería, S.A. (3539). The Spanish Debtors' collective executive headquarters is located at Caballero Andante 8, 28021 Madrid, Spain. Grupo Isolux Corsán Finance B.V. has its headquarters at Strawinskylaan 411, 1077XX, Amsterdam, the Netherlands, and the last four digits of its Trade Registry Number are 5959.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*of Foreign Proceeding; and (III) Certain Related Relief;* and the *Declaration of Professor R.D. Vriesendorp* (the "**Vriesendorp Declaration**"); and upon the record of the hearing before this Court with respect to the Motion; and after due deliberation and sufficient cause appearing therefore;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.).

B.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.  Venue is proper in this District pursuant to 28 U.S.C. § 1410(1) and (3).

D.  These chapter 15 cases have been properly commenced by the duly appointed Dutch Foreign Representative.

E.  This Court has the authority to grant the Provisional Relief requested by the Motion pursuant to 11 U.S.C. §§ 105(a), 362, 1510, 1519, 1521, and 1522.

F.  The Provisional Relief is urgently needed to protect the assets of the Dutch Debtor and the interests of its creditors as required by 11 U.S.C. § 1519(a).

G.  The interests of the Dutch Debtor's creditors and other interested entities, including the Dutch Debtor, are sufficiently protected in the Court's grant of the Provisional Relief, as required by 11 U.S.C. § 1522(a).

H.  The Provisional Relief is warranted under 11 U.S.C. § 1519(e).

I.  The Dutch Foreign Representative has demonstrated a substantial likelihood that the Dutch Foreign Proceeding is entitled to recognition as a foreign main proceeding and that the Provisional Relief will be granted on a final basis upon such recognition as a foreign main

proceeding.

J.  Irreparable harm will result to the Dutch Debtor, its creditors, and the estate if the Provisional Relief is not granted on an expedited basis. Pending the chapter 15 recognition hearing, the Provisional Relief is required to ensure the fair, efficient, and centralized administration of the Dutch Debtor's assets and prevent individual creditors and other persons and entities from depleting or impairing the assets of the Dutch Debtor to the detriment of their creditor body as a whole.

K.  Granting the Provisional Relief will preserve the *status quo* and not result in significant harm to nonmoving parties. Any harm that conceivably could result to nonmoving parties by granting the Provisional Relief is less than the irreparable harm that would result to the Dutch Debtor and its creditors if the Provisional Relief is not granted.

L.  Granting the Provisional Relief will serve the public interest in that, among other things, the Provisional Relief is necessary to realize the intent and objectives of chapter 15 in this case pursuant to 11 U.S.C. §1501(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Provisional Relief is granted effective immediately on an interim basis pending final hearing on recognition of the Dutch Foreign Proceeding as a foreign main proceeding as set forth below.

2.  Pending disposition of the chapter 15 petition and the request for the recognition of the Dutch Foreign Proceeding as a foreign main proceeding, under sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, no person or entity may, among other things and without limitation:

- commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory proceeding, or arbitration) or action against the Dutch Debtor in the United States, its assets, located in the United States, or that seeks to execute against the Dutch Debtor's assets, or the proceeds thereof;

- enforce in the United States any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order, or arbitration award against the Dutch Debtor;

- commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Dutch Debtor or against any of its assets, or the proceeds thereof, located in the United States; or

- exercise any control over the Dutch Debtor's assets located in the United States except as authorized by the Dutch Debtor in writing.

3. Due to the nature of the relief requested, no security is required under Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable in these chapter 15 cases by Rule 7065 of the Federal Rules of Bankruptcy Procedure, if applicable, or otherwise.

4. The Dutch Debtor is entrusted with the administration and realization of all of the Dutch Debtor's assets located in the United States and is established as the exclusive authority to administer the Dutch Debtor's assets and affairs in the United States.

5. The Dutch Foreign Representative is hereby granted on an interim basis, subject to a final hearing, the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during the provisional relief period available pursuant to section 1519(a) of the Bankruptcy Code. No action taken during such period by the Dutch Foreign Representative, or her agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Dutch Foreign Proceeding, this Order, these chapter 15 cases, any adversary proceeding, or any further proceeding commenced herewith shall be deemed to constitute a waiver of the immunity afforded such person under section 1510 of the Bankruptcy

Code.

6. The right and power to transfer, encumber, or otherwise dispose of any assets of the Dutch Debtor is vested in, and any attempt to transfer, encumber or otherwise dispose of assets of the Dutch Debtor in the United States by any other person or entity is prohibited.

7. Nothing in this Order shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding to the extent set forth in sections 362(b) and 1521(d) of the Bankruptcy Code.

8. All Objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to this Court at the Hearing, or by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits.

9. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion or the implementation of this Order.

Dated: New York, New York
August 3, 2016

/*s/ Sean H. Lane*
United States Bankruptcy Judge